IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES BROOKS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 3:13-CV-798-WKW |
| | ) [WO] |
| ALLSTATE INSURANCE COMPANY, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action, which began in state court, arises out of a dispute over the amount of insurance coverage Allstate must pay Plaintiffs under their homeowners' policy after a tornado damaged their home.[1] Allstate removed this action pursuant to 28 U.S.C. §§ 1441 and 1446(b)(1), alleging that this case is within the court's original jurisdiction under 28 U.S.C. § 1332(a). It contends that the amount in controversy is met and that the non-diverse Defendants, Clarence Cook and Cook Insurance Agency, Inc. ("Cook Defendants"), were fraudulently joined to defeat federal-diversity jurisdiction. Before the court is Plaintiffs' motion to remand. (Doc. # 15.) Plaintiffs do not challenge the amount in controversy, but argue that Allstate has failed to show the fraudulent joinder of the Cook Defendants and that,

---

[1] Defendants Allstate Insurance Company and Allstate Indemnity Company are referred to collectively as "Allstate."

therefore, complete diversity is lacking. Allstate responded to the motion (Doc. # 17), and each side has submitted affidavits in support of their positions. Based upon the arguments of counsel and the relevant law, Plaintiffs' motion to remand is due to be granted.

## I. STANDARD OF REVIEW

An action is removable if the joinder of a non-diverse party is fraudulent. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The presence of a fraudulently joined, non-diverse defendant does not defeat diversity jurisdiction because where the joinder is fraudulent, the court "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). Defendants argue that the joinder of the Cook Defendants is fraudulent because there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant. *Triggs*, 154 F.3d at 1287. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quotations omitted). That possibility, however, must be "reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005).

The removing party bears the burden of proving fraudulent joinder by "clear and convincing evidence," and the burden is "'a heavy one.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). A court examines fraudulent joinder based on the plaintiff's pleadings at the time of removal, but it also "may consider affidavits or deposition transcripts submitted by the parties." *Id.*; *see also Legg*, 428 F.3d at 1324. Additionally, the court "draw[s] all reasonable inferences from the record in the plaintiff's favor and then resolve[s] all contested issues of fact in favor of the plaintiff." *Crowe*, 113 F.3d at 1541–42. In this way, the inquiry resembles that required on a motion for summary judgment; however, the inquiry differs in that the court may not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* at 1538. In other words, "there need only be 'a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Id.* at 1542 (citation and internal quotation marks omitted).

## II. BACKGROUND

Plaintiffs purchased an Allstate homeowners' insurance policy from Mr. Cook, an independent insurance agent from whom Plaintiffs had bought insurance for "many years."[2] (Mr. Brooks's Aff., at ¶ 2.) The policy was in full force and effect on April 11, 2013, when a tornado damaged Plaintiffs' home in Notasulga,

---

[2] The Complaint alleges that, at all pertinent times, Mr. Cook was acting as an agent for Cook Insurance Agency, Inc. Plaintiffs contend their claims against Mr. Cook and Cook Insurance Agency, Inc., rise and fall together.

3

Alabama. (Compl., at ¶ 24.) Plaintiffs' policy had combined limits in excess of $500,000. (Not. of Removal, at 4.) Plaintiffs promptly notified Allstate of the loss through Mr. Cook. Plaintiffs allege that Allstate "refused to pay the sums due and owing under the policy" and "refused to pay Plaintiffs' claim as a *total loss*." (Compl., at ¶ 25 (emphasis added).) According to Plaintiffs, Allstate has made "false claims that the home can be salvaged." (Compl., at ¶ 26.) Allstate, in turn, summarizes this lawsuit as one alleging that Allstate "undervalued [Plaintiffs'] loss." (Not. of Removal, at 4.)

The claims against the Cook Defendants that are the focus of the motion to remand are the ones for fraud, conspiracy, and negligence/wantonness. Central to these claims are allegations that Allstate developed and concealed from policyholders a fraudulent company-wide set of claims-handling practices known as the Claims Core Process Redesign program ("CCPR") and related practices, such as the zero-sum gaining theory. According to Plaintiffs, these practices were designed to deny homeowners' claims or undervalue paid claims. Plaintiffs allege that the Cook Defendants, acting individually and as part of a conspiracy with Allstate, fraudulently suppressed knowledge of these practices. Had Plaintiffs known of the fraudulent claims-handling practices, "they would not have purchased the policy in question." (Compl., at ¶ 52.) Plaintiffs also allege that the Cook Defendants

"negligently and/or wantonly failed to properly sell, underwrite, rate, and investigate the claim and/or application." (Compl., at ¶ 77.)

### III. DISCUSSION

Allstate argues that all claims against the Cook Defendants "are legally and factually deficient and constitute fraudulent joinder." (Not. of Removal, at 3.) If there is a reasonable possibility that a state court would find that Plaintiffs state even one claim against the Cook Defendants, then their joinder is not fraudulent, and remand is required. For the reasons that follow, Allstate has failed to meet its burden of demonstrating fraudulent joinder on the fraudulent-suppression claim. It is unnecessary to address, therefore, the parties' fraudulent-joinder arguments with respect to the other claims.

"The elements of a cause of action for fraudulent suppression are: (1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury." *Lambert v. Mail Handlers Benefit Plan*, 682 So. 2d 61, 63 (Ala. 1996). Allstate contends Plaintiffs have no reasonable possibility of establishing elements one and two of a fraudulent-suppression claim.

Beginning with the second element, Allstate submits Mr. Cook's affidavit, which sets out that, as an independent insurance agent, Mr. Cook was unaware of any information concerning Allstate's claims-adjustment practices. Allstate argues

5

that there is no evidence that Mr. Cook had any knowledge of the facts allegedly suppressed and that Mr. Cook obviously cannot conceal facts of which he is unaware. *See McGarry v. Flournoy*, 624 So. 2d 1359, 1362 (Ala. 1993) ("An action for suppression will lie only if the defendant actually knows the fact alleged to be suppressed."). Allstate relies upon two decisions from two other judges of this court. *See Moses v. Allstate Indem. Co.*, No. 3:06cv154, 2006 WL 1361131 (M.D. Ala. May 17, 2006) (Albritton, J.); *Via v. Allstate Indem. Co.*, No. 06cv531 (M.D. Ala. Aug. 30, 2006) (DeMent, J.) (unpublished). Allstate argues that this action is materially indistinguishable from *Moses* and *Via*. In *Moses* and *Via*, which likewise were before the court on motions to remand, the agents provided uncontested affidavits establishing that they had no knowledge of the fraudulent practices allegedly suppressed. *See, e.g.*, *Moses*, 2006 WL 1361131, at *4 ("Walden further states that he has never been involved or had any personal knowledge regarding CCPR, Zero Sum Game, Tech–Cor, or Allstate's litigation tactics, and has no role in the adjustment of claims."). The plaintiffs submitted no evidence to contradict the agents' attestations of their absence of knowledge. *See, e.g.*, *Moses*, 2006 WL 1361131, at *5 ("Each of the facts allegedly suppressed are facts about which Walden and Watts have stated in their affidavits they have no knowledge. The Plaintiff has not presented any evidence contrary to the affidavits provided. Therefore, with respect to the fraudulent suppression claim, the Defendants have

met their burden under *Legg*."). As the Eleventh Circuit in *Legg* made clear, "When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." 428 F.3d at 1323. Based on the affidavits, the *Moses* and *Via* courts found no possibility of a cause of action for fraudulent suppression on the issue of whether the agents had knowledge of the facts allegedly suppressed.

Plaintiffs have not directly confronted *Moses* and *Via*, but they contend that their affidavits create factual disputes on the issue of Mr. Cook's knowledge of Allstate's allegedly fraudulent claims-handling practices. (Pls.' Mot. to Remand, at 9.) If Plaintiffs' affidavits and Mr. Cook's affidavit are at odds on whether Mr. Cook knew about Allstate's claims-handling practices, then the issue of Mr. Cook's knowledge must resolve in Plaintiffs' favor, and this case is distinguishable from *Moses* and *Via*.

In his affidavit, Mr. Cook attests that, at all times material to this litigation, he was not employed by Allstate as an adjuster, had no training involving claims adjustment, played no role in the adjustment of Plaintiffs' claim, and had no knowledge of Allstate's claims-adjustment procedures, including CCPR and the zero-sum gaming theory. Mr. Cook attests that his only involvement with claims is "to refer policy holders to Allstate in the event of a claim." (Cook's Aff., at ¶ 3.)

Plaintiffs counter with affidavits of their own, and those affidavits raise a disputed fact that, when viewed in Plaintiffs' favor, permit an inference of knowledge to be drawn from the circumstances sufficient to defeat an assertion of fraudulent joinder. The facts Mr. Cook allegedly suppressed concern Allstate's allegedly fraudulent "insurance claims-handling" practices. (Compl., at ¶ 52.) Mr. Cook's knowledge of those practices does not necessarily have to turn on whether he was an adjuster for Allstate; hence, the fact that Mr. Cook was an independent insurance agent, and not an adjuster, is not dispositive. While Mr. Cook disavows all knowledge of Allstate's claims-handling practices, Plaintiffs' affidavit suggests that he has more knowledge of those practices than he reveals. According to Plaintiffs, Mr. Cook "advised [them] about the claim" after they reported it to him, and he "did the initial consultation with [them] about the claim." (Pls.' Aff., at ¶ 5.) They also explain that, within twenty-four hours of reporting their claim, Mr. Cook came to their home and spent an hour "explaining the claims process, how Allstate would begin the claims process, how the different coverage provisions in the policy would relate to the different portions of [Plaintiffs'] claim, and assuring [Plaintiffs] that the claims process would be quick and fair." (Pls.' Affs., at ¶ 4.) Plaintiffs further attest that Mr. Cook "was active in the processing of [their] claim" and explained "a relatively recent Allstate claim involving a close family member of his

and how that claim progressed through the Allstate claims process." (Pls.' Affs., at ¶ 5.)

Although Plaintiffs' affidavits do not detail that Mr. Cook described the claims-handling process by using phrases, such as CCPR and zero-sum gaming theory, and he well may not have, Plaintiffs' affidavits demonstrate his familiarity with how Allstate conducted its claims handling procedures. Based upon Mr. Cook's "many years" of experience as an insurance agent and the information he provided Plaintiffs during his visit with Plaintiffs after they had made a claim for the tornado damage to their home, there is sufficient conflict between the competing affidavits such that Mr. Cook's affidavit does not foreclose the possibility that a state court could find that Mr. Cook had knowledge of the allegedly suppressed facts.[3] *See Stillwell*, 663 F.3d at 1333 ("[A]ll that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action."). Contrary to Allstate's suggestion, the fact that Plaintiffs' affidavits do not directly conflict with all points in Mr. Cook's affidavit does not require a different finding. *See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 892 (11th Cir. 2011) (holding that fraudulent joinder was not a "proper basis for removal" where the plaintiffs offered evidence that "generally contested [the defendant's] version of

---

[3] The theory is that Mr. Cook's knowledge about Allstate's allegedly fraudulent claims-handling practices at the time Plaintiffs made their insurance claim supports the inference that Mr. Cook suppressed these facts when he sold Plaintiffs the policy.

events," even though the plaintiffs "ha[d] not yet offered evidence rebutting the specific statements [the defendant] made in his deposition").

More may be required of Plaintiffs to survive a motion for summary judgment, but the burden here is "lighter" than the summary judgment burden. *Taylor Newman Cabinetry*, 436 F. App'x at 892; *see also Crowe*, 113 F.3d at 1541 ("[T]o present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant."). The fraudulent-joinder analysis merely requires a determination "whether [the claim] is an arguable one under state law." *Id.* And, for the reasons stated, Mr. Cook's knowledge of Allstate's allegedly fraudulent claims-handling practices is arguable on this record.

Second, Allstate argues that Mr. Cook was under no duty to disclose "detailed claim handling procedures" to Plaintiffs. (Allstate's Resp., at 5.) Quoting *State Farm Fire & Casualty Co. v. Owen*, 729 So. 2d 834, 843 (Ala. 1998), Allstate argues that "the Alabama Supreme Court does not impose fraud-based liability for the alleged failure to disclose 'internal procedures[,] . . . rate making[, and] . . . business practices.'" (Allstate's Resp., at 7.) In *Owen*, the court addressed whether an insurer had a duty to disclose to the insured that under a personal-articles insurance policy, she would receive only the insurer's cost to replace a stolen ring,

rather than its higher appraisal value. 729 So. 2d at 836. The court found that the trial evidence did "not support a finding of any special circumstances justifying the imposition of a duty to disclose." *Id.* at 843. Accordingly, it reversed a judgment in favor of the plaintiff on a fraudulent- suppression claim.

Allstate's argument focuses on the *Owen* court's statement that, "[t]o uphold [the plaintiff's] claim, [it] would have to rule that it is the responsibility of every insurer at the point of sale to explain fully to potential customers the insurer's internal procedures, its ratemaking process, and its business practices." *Id.* at 843. This statement is not a holding, however, and, as another district judge of this court has observed in the context of a fraudulent-joinder analysis, *Owen* "did not completely foreclose the possibility that circumstances may exist whereby a duty to disclose an aspect of [internal procedures] may exist." *Wright v. Am. Gen. Life & Acc. Ins. Co.*, 136 F. Supp. 2d 1207, 1214 (M.D. Ala. 2001) (Albritton, J.). Indeed, the Alabama Supreme Court has counseled against a "rigid approach" to determining whether a duty to disclose exists. *Wolff v. Allstate Life Ins. Co.*, 985 F.2d 1524, 1530 (11th Cir. 1993) ("'[E]ach case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible . . . .'" (quoting *Jim Short Ford Sales, Inc. v. Washington*, 384 So. 2d 83, 87 (Ala. 1980), *overruled on other grounds by Owen*)). Allstate has not demonstrated that the statement in *Owen* upon which it relies presents a sufficient basis for concluding

11

that there is no reasonable possibility that a state court would find that Plaintiffs have stated a claim against the Cook Defendants for fraudulent suppression.

There exists, therefore, a reasonable possibility that elements one and two of a claim for fraudulent suppression can be stated under Alabama law, and Allstate has not challenged any of the claim's other elements. Accordingly, there is no fraudulent joinder on the fraudulent-suppression claim against the Cook Defendants, and the motion to remand is due to be granted.

## IV.  CONCLUSION

Because Allstate has failed to demonstrate the Cook Defendants' fraudulent joinder on the fraudulent-suppression claim, complete diversity does not exist. Accordingly, it is ORDERED that Plaintiffs' motion to remand (Doc. # 15) is GRANTED, and that this action is REMANDED to the Circuit Court of Macon County, Alabama.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand.

DONE this 14th day of July, 2014.

                                                /s/ W. Keith Watkins  
                                      CHIEF UNITED STATES DISTRICT JUDGE